JOHN ROY v. SAVILLA M. DECKER AND JAMES A. DECKER.

The declaration showed that the defendants, husband and wife, assigned to the plaintiff a bond belonging to the wife, and guaranteed the payment thereof, in consideration of money paid to them, and that the wife was possessed of a separate estate. *Held*, that it was sufficient to maintain an action against them under the " Act to prevent the fraudulent transfer of property, and to facilitate the collection of just claims," approved March 24th, 1862.

On demurrer to declaration.

Argued at February Term, 1882, before Justices REED, DIXON and MAGIE.

For the plaintiff, *Chas. J. Roe.*

For the demurrants, *Lewis Van Blarcom.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case avers that the defendant Savilla M. Decker is a married woman, having a separate estate and transacting business in her own name ; that in May, 1871, Jesse Wilson executed and delivered to her his bond for the payment to her of $2000, and that on April 28th, 1874, she and her husband, James, by writing under

their seals, in consideration of $1005.46 to them in hand paid by the plaintiff, assigned said bond to the plaintiff, covenanted with him that said sum of $1005.46 was owing upon it, and guaranteed the payment thereof with interest to him. The suit is against husband and wife for breach of this guaranty.

The defendants demur to the declaration, and insist that it does not set forth the facts necessary to maintain a suit under the "Act to prevent the fraudulent transfer of property, and to facilitate the collection of just claims," approved March 24th, 1862, (*Nix. Dig., p.* 548,) on which the plaintiff depends, and that that statute refers only to contracts made by a married women alone, and does not embrace contracts of suretyship, to which class, the defendants claim, the present covenant belongs.

The first exposition of this statute was in *Eckert* v. *Reuter,* 4 *Vroom* 266, to the effect that it furnished a remedy at law for all such debts or claims as before would have been enforced in equity against the separate estate of a married woman, whether they arose from the purchase of property or the transaction of any other act of business by her. Afterwards, it being suggested that such a claim was enforceable in equity, even though it grew out of a contract of naked suretyship on the part of the married woman, without any benefit resulting therefrom to her estate, it was decided that, if that proposition be true, then the language in Eckert *v.* Reuter must be limited so as to exclude such a contract, and to apply only to cases where the wife is beneficially interested, the consideration moving to her. *Van Kirk* v. *Skillman,* 5 *Vroom* 109.

But in the subsequent case of *Perkins* v. *Elliott,* 8 *C. E. Green* 526, the Court of Appeals determined that, in this state, equity would not enforce a contract of mere suretyship against the separate estate of a married woman, and this, I suppose, vindicated the accuracy of the doctrine of Eckert *v.* Reuter, by holding that what in Van Kirk *v.* Skillman had been assumed to be an exception to it, was not one in truth. Perkins *v.* Elliott also declared that the rule

is, of necessity, universal, that in all cases where the act of the *feme covert* inures directly to her own benefit, and she, expressly or by implication, binds her estate, a court of equity will enforce such obligation; and it decided that, even in a contract of suretyship, made by her, though in conjunction with her husband, and mainly for his sake, her separate estate will be bound in equity, provided a valuable consideration moved to her for the benefit of her property, and that without regard to the adequacy of the interest which induced her action.

These two cases establish the sufficiency of the present declaration. The wife had and has a separate estate, she sold the bond, which was a part thereof, and, as a term in the contract of sale, she made the covenant sued on with regard to the sure payment of that bond; the object and effect of this covenant were to enhance the market value of her property, and the consideration therefor passed directly to herself, in conjunction with her husband. Such a covenant is enforceable in equity against her, according to Perkins *v.* Elliott, and, according to Eckert *v.* Reuter, is therefore also enforceable at law under the statute above cited.

The plaintiff is entitled to judgment on the demurrer.